## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CYNTHIA A. WILLIAMS,**
      **Plaintiff**

**v.**                                          **Case No. 3:10cv151/WS/CJK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
      **Defendant**.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon plaintiff's application for supplemental security income benefits, pursuant to Title XVI of the Social Security Act (Act), 42 U.S.C. §§ 1381 *et seq*. Section 1383(c)(3) of the Act provides for judicial review of a "final determination" of the Commissioner of the Social Security Administration (Commissioner) under Title XVI.

On November 30, 2006, plaintiff, Cynthia Williams, filed an application for supplemental security income, alleging disability beginning May 20, 1985 (doc. 7). The claim was denied initially on February 8, 2007, and upon reconsideration on May 9, 2007. Plaintiff thereafter filed a written request for hearing pursuant to 20 C.F.R. § 416.1429. Following a hearing, the administrative law judge (ALJ) determined on January 29, 2009, that plaintiff was not disabled under the Social Security Act at any time through the date of the decision (doc. 7, pp. 13-23). On April 1, 2010, the Appeals Council of the Social Security Administration denied plaintiff's request for review, rendering final the decision of the Commissioner (doc. 7, pp. 1-4).

Plaintiff, born May 1958, alleged disability due to back injury and a history of major surgery at L4-5, back pain, left leg pain, and neck pain.  Plaintiff claimed that the injury and attendant maladies caused severe pain, and that activities such as cleaning, making the bed, and family interaction were too strenuous (doc. 7-4). Plaintiff reported past work experience as a nursing assistant, which ended after she injured her back in 1985 (docs. 7-1, 7-4).  In 2005, plaintiff received a lump-sum worker's compensation settlement (doc. 7-1).

After evaluating the record evidence, the ALJ found that plaintiff had severe impairments consisting of central disc herniation and degeneration of L4-5, with degenerative changes, degenerative arthritis, and hypertension (doc. 7).  Despite the aforesaid impairments, the ALJ concluded that plaintiff did not have an impairment or combination of impairments to meet or medically equal the criteria for an impairment enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (doc. 7).  The ALJ then determined that plaintiff has the residual functional capacity to perform a full range of light work (doc. 7).  Though the plaintiff had no past relevant work to which she could be expected to return, the ALJ found that plaintiff's residual functional capacity would allow the performance of work existing in significant numbers in the national economy.  Having considered all the evidence, the ALJ determined that claimant has not been under a disability within the meaning of the Social Security Act since the date the application for supplemental security income benefits was filed (doc. 7).

Plaintiff now challenges the factual findings of the Commissioner and has filed a complaint for reversal of the Commissioner's denial of disability benefits.  In support of this challenge, plaintiff argues generally that the decision of the

Commissioner is not supported by substantial evidence, because plaintiff is unable to perform any work on a regular and continuing basis (doc. 9).  In particular, plaintiff contends that the ALJ erred by failing to give great weight to the disability opinions of plaintiff's treating physician, Dr. Louis B. Fowler, who opined that plaintiff is restricted from sitting, standing, and/or walking for at least two hours at a time and for six hours total in an eight-hour workday (docs. 7, 9).  Plaintiff asserts that the ALJ failed to state with particularity the reasons for rejecting Dr. Fowler's opinion, in contravention of prevailing case law (doc. 9).  Citing various records and objective medical tests, plaintiff submits that the evidence is fully supportive of Dr. Fowler's disability assessment.  She argues that because Dr. Fowler's medical assessments are supported by medical evidence, the doctor's disability opinion must be accepted as true as a matter of law.

In her disability report, plaintiff stated that a back injury at L4-L5, major surgery to replace L4-L5, open back surgery, and neck/left leg injuries limit her ability to work.  Plaintiff reported that these conditions cause "severe pain," making daily activities like cleaning and cooking "too strenuous."  Further, plaintiff asserted that she had been unable to work since May 1985 and reported a medical regimen of 14 medications, all prescribed by Dr. Fowler.  Despite the volume of medication, plaintiff reported no adverse side effects, with the exception of headaches caused by the Nexium she had been taking.  Plaintiff reported that she had fusion surgery on her lower back in 1988, but had not had a pain injection in more than a year.  Plaintiff did not report surgery or injections on any other part of the body (doc. 7-4).

Following the initial denial of her claim in February 2007, plaintiff completed a report in which she averred that the same 13 medications previously reported as

causing no side effects now caused headaches, stomach aches, fatigue, and nausea (doc. 7-4).  Also, a report of contact dated March 2007 indicates that plaintiff had a telephone conversation with a state disability determination service employee, during which plaintiff discussed symptom relief she received from the medications, but mentioned no adverse side effects (doc. 7-5).  Office visit notes from Dr. Fowler for April and August 2007 and March 2008, as well as an April 2007 narrative report from consultative physician Dr. Richard W. Lucey, contain no mention of adverse side effects caused by the prescribed medication regimen (docs. 7-18, 7-19).

During a telephone interview in March 2007, plaintiff reported that she had experienced no changes in her condition and had seen no new medical sources (doc. 7-5).  During an interview with Dr. Lucey, plaintiff reported chronic pain in her lower back.  The doctor reported a treatment history consisting of analgesics, muscle relaxants, and anti-inflammatory agents.  Plaintiff made no mention of adverse side effects caused by the prescribed medications or changes in her medication regimen (doc. 7-18).  In December 2006, Dr. Fowler commented that plaintiff ambulated "moderately well," with only a slight limp and no need for an assistive device.  Dr. Fowler opined in April 2007 that plaintiff was not restricted from bending or performing fine/gross manipulations.

In assessing plaintiff's residual functional capacity, Dr. Fowler concluded that plaintiff has several functional impairments: (1) the ability to tolerate walking between one and two hours in an eight-hour workday; (2) the ability to tolerate standing less than one hour in an eight-hour workday; and (3) the ability to tolerate sitting between one and two hours in an eight-hour workday (doc. 7-18).  Having carefully considered the entire record, the ALJ, conversely, determined that plaintiff has the residual

functional capacity to perform the full range of light work as defined in 20 C.F.R. § 416.967(b).  The ALJ found, *inter alia*, that plaintiff can sit and walk at least two hours at a time and up to six hours total during an eight-hour workday.

Pursuant to 20 C.F.R. § 404.1520(a)-(g), the ALJ analyzed the instant disability claim in five steps:

1. If the claimant is performing substantial gainful activity, she is not disabled.

2. If the claimant is not performing substantial gainful activity, her impairments must be severe before she can be found disabled.

3. If the claimant is not performing substantial gainful activity and she has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if her impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairments do not prevent her from doing her past relevant work, she is not disabled.

5. Even if the claimant's impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

"The role of the federal court in reviewing a benefits determination is a narrow one." *Baker on Behalf of Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989).  The undersigned "may not decide the facts anew, reweigh evidence, or substitute [his] judgment for that of the Secretary." *Id.*  Rather, the undersigned reviews "the Secretary's findings to determine whether they are supported by substantial evidence

in the record as a whole." *McRoberts v. Bowen*,  841 F.2d 1077, 1080 (11th Cir. 1988).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

Based on the evidence presented, the undersigned concludes that the decision of the Commissioner is supported by substantial evidence and that the ALJ did not err in discounting the disability opinions of plaintiff's treating physician, Dr. Fowler. With regard to the testimony of a treating physician, our controlling law provides, "In evaluating  .  .  .  medical  evidence,  the  '[Secretary]  must  accord  'substantial'  or 'considerable' weight to the opinion of a claimant's treating physician unless 'good cause' is shown to the contrary.'"  *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (quoting *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985)); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) ("The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.").  The ALJ followed this directive.

"[T]he opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or where it is unsubstantiated by . . . clinical or laboratory findings."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983).  "Further, the Secretary may reject the opinion of any physician when the evidence supports a contrary conclusion."  *Id.*  A treating physician's opinion may also be discounted if inconsistent with her own evaluations and reports, *see Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991), or if derived from the self-reporting of a claimant with poor credibility.  *See* 20 C.F.R. § 404.1527(d)(6) (mandating the consideration of other factors before deciding how much weight to

accord a medical opinion); *Long v. Shalala*, 902 F. Supp. 1544, 1547 (M.D. Fla. 1995) ("Because the Administrative Law Judge determined that the Petitioner was not credible, he deduced that the opinions of her treating physicians were not credible.").

Here, Dr. Fowler's disability opinion was not substantiated by clinical or laboratory findings. *See Bloodsworth*, 703 F.2d at 1240. As the ALJ observed, the evidence contains no record of any hospitalizations for physical health conditions since the date of plaintiff's application. Additionally, the record suggests that plaintiff's impairments have been alleviated and controlled by the regular use of prescription and over-the-counter medications. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." (quoting *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir.1987) (footnote omitted))). Significantly, plaintiff's most recent office visits with Dr. Fowler reveal that her back pain and hypertension are "stable" and did not otherwise disclose any change in physical condition (doc. 7-19). In total, the record discloses just three office visits with Dr. Fowler over a span of two years (2007-2008), no radiological or diagnostic testing, and no inpatient or emergency department hospital visits.

The remaining evidence, moreover, supports a conclusion contrary to the one offered by Dr. Fowler. *See Bloodsworth*, 703 F.2d at 1240. Dr. Lucey examined plaintiff in April 2007 and reported that plaintiff's neck had full range of motion, that plaintiff's upper extremities revealed normal strength and range of motion in all major joints, and that plaintiff had full range of motion in the knees and all other joints in the lower extremities. Dr. Lucey noted that plaintiff's posture was erect and that she walked with a normal gait, demonstrating the ability to heel and toe and tandem walk,

without evidence of weakness or loss of coordination.  The absence of recent medical treatment also tends to support the residual functional capacity as established by the ALJ.  Perhaps most importantly, the functional limitations as set forth by Dr. Fowler support plaintiff's residual functional capacity.  Though Dr. Fowler stated that plaintiff was not able to squat or climb stairs or ladders, the jobs identified by the vocational expert do not require such activity.

Finally, plaintiff's credibility, or lack thereof, draws into question the reliability of Dr. Fowler's reports and assessments.  *See Long*, 902 F. Supp. at 1547.  The helpfulness of plaintiff's medical complaints, as the ALJ noted, is compromised by her lack of recent medical treatment, her record of low earnings prior to her injury, and her lack of effort to rejoin the workforce.  Having settled her worker's compensation claim in June 2005, albeit without future medical benefits, plaintiff did not visit with Dr. Fowler for more than one year (doc. 7-3).  Plaintiff thereafter presented for checkups or medication refills on only two occasions in 2007, and just a single time in 2008 (doc. 7-19).  The treatment plaintiff sought and received, moreover, was relatively conservative in nature, consisting primarily of analgesics and muscle relaxants (doc. 7-18).  An objective reviewer might easily conclude, as the ALJ did, that the frequency and intensity of medical intervention was not consistent with that required by an individual suffering from total disability.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (holding that allegations of disabling pain may be discounted in light of conservative medical treatment).

Inconsistencies in plaintiff's initial allegations and those made following the initial denial of this claim further diminish her credibility.  Most notably, plaintiff initially complained of no side effects from the numerous medications prescribed for

her impairments, save for headaches brought on by Nexium (doc. 7-4).  Nor did plaintiff raise the issue of side effects when she was examined by Dr. Lucey (doc. 7-18).  At a hearing in December 2008, however, plaintiff testified that the prescription medications caused her to sleep two or three hours twice per day.  Plaintiff also alleged in a report completed following the initial denial of her claim that the same 13 medications previously reported as causing no side effects now caused headaches, stomachaches, and nausea, in addition to fatigue (doc. 7-4).

In consideration of the foregoing, the undersigned finds substantial support for the conclusion of the ALJ that the allegations made by plaintiff relative to symptomology, functional limitations, and restrictions on activities of daily living are not credible and lack corroboration or substantiation in the medical evidence presented.  *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.").  "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Here, the ALJ did so articulate the reasons for discrediting the opinion of plaintiff's treating physician, and those reasons are supported by substantial record evidence.  *See Bloodsworth*, 703 F.2d at 1239.

Accordingly, it is respectfully RECOMMENDED:

The application for supplemental security income benefits be DENIED.

At Pensacola, Florida, this 9th day of May, 2011.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**